IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON B. LILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-994-F |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his application for disability insurance benefits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. _____). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded to the Commissioner for further administrative proceedings.

**I. PROCEDURAL HISTORY**

Plaintiff filed his application for disability insurance benefits on March 19, 2002, alleging that he became disabled on June 30, 1999, due to pervasive developmental disorder, depression, dysthymia, obsessive compulsive disorder, oppositionality and attention deficit hyperactivity disorder. Tr. 52-54, 85. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 30, 31, 32-34,

36-37.  Pursuant to  Plaintiff's request, a hearing de novo was held before an administrative law judge on February 17, 2004.  Tr. 38, 384-439. Plaintiff appeared in person and with an attorney, and offered testimony in support of his application.  Tr. 386, 388-416, 434-35. Plaintiff's mother and grandmother offered testimony in support of his application.  Tr. 416-432.  A vocational expert also appeared and testified at the request of the administrative law judge. Tr. 48-49, 432-34, 435-39.  The administrative law judge issued his decision on April 7, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to disability insurance benefits. Tr. 13-15, 16-25.  The Appeals Council denied Plaintiff's request for review on June 3, 2004, and thus the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 6-8.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

### III.  THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 17.  He first found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17, 24.  At steps two and three, the administrative law judge found that Plaintiff suffered from depression, obsessive compulsive disorder and attention deficit hyperactivity disorder, which were severe but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 18, 24.  At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff could not perform his past relevant work as an auto mechanic helper, pizza baker, duplication mechanism service person, electronic installer, and transmission repairer. Tr. 16, 23, 24.  However, using the Medical-Vocational Guidelines[1] (Grids) as a framework for decision making and relying

---

[1] 20 C.F.R. pt. 404, subpt. P, App. 2.

upon the testimony of a vocational expert, the administrative law judge found that there are a significant number of jobs in the national economy that someone with Plaintiff's residual functional capacity and vocational factors could perform, such as conveyor tender and electronic worker. Tr. 23-25. Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance benefits. Tr. 24, 25.

## IV. DISCUSSION

### A. ISSUES ON APPEAL

On appeal, Plaintiff first alleges that the administrative law judge's decision is not supported by substantial evidence. Plaintiff's Opening Brief, p. 7-12. Second, Plaintiff claims that the administrative law judge failed to give controlling weight to the opinion of the treating physician. Plaintiff's Opening Brief, p. 12-14. Third, Plaintiff claims that the administrative law judge erred in failing to determine whether the vocational expert's testimony conflicted with the Dictionary of Occupational Titles. Plaintiff's Opening Brief, p. 14-15. Finally, he claims that the administrative law judge violated his due process rights by limiting his cross-examination of the vocational expert. Plaintiff's Opening Brief, p. 15-16. As the undersigned finds the remand is necessary based on the first issue raised by the Plaintiff, his other issues have not been addressed.

### B. ANALYSIS

#### 1. Substantial Evidence

Plaintiff first argues that the administrative law judge's determination regarding his disabled status is not supported by substantial evidence because he is not capable of

sustaining employment on a consistent basis. Plaintiff contends that his inability to maintain employment is established by a history of low GAF scores. The administrative law judge did not address Plaintiff's GAF scores and did not include any GAF scores in his hypothetical question to the vocational expert. Accordingly, Plaintiff argues, the administrative law judge's decision is not supported by substantial evidence.

"GAF" stands for "Global Assessment of Functioning," and the GAF scale is used by clinicians to report an individual's overall level of functioning. See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders, p. 32 (Text Revision 4th ed.2000) (DSM-IV). Plaintiff's history includes GAF scores as low as 36 and as high as 65.[2] Tr. 200, 222, 223, 230, 232, 238, 244 (65), 250, 285 (36), 287, 302, 335, 375. A GAF of 31-40 indicates "[s]ome impairment in reality testing or communication . . . OR major impairment in several areas, such as work ..., family relations, [or] judgment," while a GAF of 41-50 indicates "[s]erious symptoms ... OR any serious impairment in social or occupational . . . functioning." DSM-IV, at 34 (emphasis deleted). A GAF between 51 and 60 reflects "[m]oderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, conflicts with peers or co-workers)." Id. (emphasis deleted).

The Commissioner correctly notes that low GAF scores standing alone, without any further narrative explanation, do not automatically support an impairment seriously interfering with a claimant's ability to work. See Howard v. Commissoner of Social Sec.,

---

[2] Plaintiff was assigned a GAF of 36 on one occasion by his treatment team. Tr. 285. Otherwise, his lowest GAF score was 45. Tr. 250, 302.

5

276 F.3d 235, 241 (6th Cir.2002) ("While a GAF score may be of considerable help to the [administrative law judge] in formulating the [residual functional capacity], it is not essential to the [residual functional capacity's] accuracy."); Camp v. Barnhart, No. 03-7132, 2004 WL 1465777, at *1 (10th Cir. June 30, 2004) (citing Howard and concluding that a GAF of 50 "without evidence that it impaired [the claimant's] ability to work, does not establish an impairment"); Zachary v. Barnhart, No. 03-7032, 2004 WL 790300, at *2 (10th Cir. April 14, 2004)(quoting Howard and noting that administrative law judge was not required to discuss GAF scores)[3].

Contrary to Plaintiff's contention, his low GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id. Thus, standing alone, Plaintiff's low GAF scores do not evidence an impairment seriously interfering with his ability to work. None of Plaintiff's treating physicians ever opined that Plaintiff could not work, and Dr. Jerry White, the consultative psychologist, did not state that Plaintiff's GAF of 45 meant that he could not work. Tr. 247-50. The only opinion that Plaintiff could not work did not indicate a GAF score and was from a nurse practitioner. Tr. 293. This opinion, however is not entitled to controlling weight for two reasons: one it is an opinion on the ultimate issue of disability, an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1). Secondly, the opinion is one of a nurse practitioner. Under the Commissioner's regulations, a nurse practitioner is not an "acceptable medical source." See 20 C.F.R. § 404.1513(a) (listing "acceptable medical sources" who can provide evidence of an impairment, and excluding nurse practitioners); 20 C.F.R. §

---

[3] These and any other unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

404.1513(d)(1) (listing nurse practitioners as "other" medical source). Opinions from "other" medical sources are not entitled to the same significant weight. Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000). Accordingly, because no GAF score was ever specifically tied to Plaintiff's ability to work, the administrative law judge's failure to rely on Plaintiff's GAF scores in assessing his residual functional capacity does not provide a basis for remanding this matter.

In this portion of his brief, Plaintiff also asserts that the administrative law judge erred in failing to include all of his limitations in the hypothetical question asked of the vocational expert. An administrative law judge's hypothetical question to a vocational expert "must include all (and only) those impairments borne out by the evidentiary record." Evans v. Chater, 55 F.3d 530, 532 (10th Cir.1995). Hypothetical questions should be crafted carefully to reflect a claimant's residual functional capacity, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991). Specifically Plaintiff asserts the administrative law judge should have included limitations regarding his decreased attention and concentration, short term memory problems, poor impulse control and judgment. Plaintiff's Opening Brief, p. 12.

The undersigned agrees with Plaintiff. The administrative law judge's inquiry to the vocational expert included one hypothetical question:

> I'm going to pose a hypothetical at this time. Please assume we have a hypothetical individual the same age as the claimant, has the same educational level as the claimant, has equivalent work experience but has the following exertional limitations which I give you at this time. . . . As for

7

nonexertional limitations experiences (INAUDIBLE) anxiety and depression along with fatigue. He does have the ability to perform simple one or two step tasks. He does not do well meeting and interacting with the general public. Based on these exertional and nonexertional limitations could this hypothetical individual perform any of his past relevant work as he previously perform (sic) it or how it's generally performed in the regional or national economy?

Tr. 435. The vocational expert testified that Plaintiff could do work existing in significant numbers in the national economy despite these limitations. Tr. 435-36. From this testimony the administrative law judge determined that Plaintiff could perform two of the listed jobs, both unskilled. The problem with this hypothetical question, however, is that it did not include all of Plaintiff's limitations as found by the administrative law judge.

In his decision the administrative law judge concluded that Plaintiff has no more than slight restriction in his activities of daily living and slight to moderate difficulties in maintaining social functioning. Tr. 21.[4] The administrative law judge further concluded that Plaintiff "apparently does, at times, have moderate difficulties in maintaining concentration, persistence or pace. . . ." Tr. 21. The administrative law judge did not include any such limitation in his hypothetical question to the vocational expert.

The United States Court of Appeals for the Tenth Circuit recently considered this issue in <u>Wiederholt v. Barnhart</u>, No. 03-3251, 2005 WL 290082 (10th Cir. Feb 08, 2005).

---

[4]The administrative law judge failed to explain why he concluded that Plaintiff's limitations in activities of daily living and maintaining social functioning were less severe than found by the agency psychologists, since both of the agency psychologists rated Plaintiff's restriction in these two areas as moderate, rather than slight. Tr. 262, 347. <u>See</u> 20 C.F.R. § 404.1527; Social Security Ruling 96-6p, 1996 WL 374180, *4 (administrative law judge must consider and evaluate any assessment of the claimant's residual functional capacity by a state agency medical or psychological consultant).

In <u>Wiederholt</u>, the administrative law judge assessed the claimant's mental residual functional capacity as being "limited to simple, unskilled job tasks." <u>Id.</u> at p. 4. The administrative law judge further found that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace." <u>Id.</u> The hypothetical question to the vocational expert posed by the administrative law judge included only the limitation of "simple, unskilled" tasks mentally. The vocational expert responded that, with that residual functional capacity, Mrs. Wiederholt could do unskilled light or sedentary work. <u>Id.</u> The administrative law judge adopted this as his finding. <u>Id.</u>

The Tenth Circuit concluded that the administrative law judge's hypothetical question was insufficient because it did not reflect all of Mrs. Wiederholt's limitations with accuracy. "The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the [administrative law judge's] additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the [administrative law judge] omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed." <u>Id.</u> at p. 5. Here, as in <u>Wiederholt</u>, the administrative law judge's question was not sufficiently specific. Although the administrative law judge concluded that Plaintiff at times has moderate difficulties in maintaining concentration, persistence or pace, his limitation was not reflected in the hypothetical question posed to the vocational expert. Accordingly, the record is silent as to what effect such a limitation would have on Plaintiff's ability to perform the jobs

9

identified by the vocational expert. The undersigned therefore recommends that this matter be remanded to permit the Commissioner to obtain vocational testimony that considers all of the administrative law judge's findings regarding Plaintiff's limitations.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of the Social Security Administration should be reversed and the matter be remanded to the Commissioner for further proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 19, 2005, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1. This Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of June, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE